"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAM MKRTCHYAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 05-7634 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, this case is remanded for further proceedings pursuant to Sentence Four, and the Commissioner's request for an order affirming her final decision is denied.

In the JS, Plaintiff contends that: (1) the transcript of the administrative hearing is

incomplete; (2) the ALJ improperly rejected the opinion of Plaintiff's treating physician Lukas Alexanian, M.D. concerning Plaintiff's mental impairment; (3) the ALJ improperly rejected the opinions of Plaintiff's treating physicians and the medical expert concerning Plaintiff's physical impairments; (4) Plaintiff was precluded from performing the occupations identified by the ALJ as "other work;" and (5) Plaintiff's claim should have been evaluted as a "borderline case." The Commissioner disagrees.

<u>Dr. Alexanian's Opinion</u>

Plaintiff began receiving mental health treatment from Dr. Alexanian in May 2002. [Administrative Record ("AR") at 184-87.] Plaintiff was diagnosed as suffering from major depression and assessed with Global Assessment of Functioning ("GAF") scores ranging between 50 and 55.[1] [AR at 174, 176-78, 180-86.] Although Plaintiff's symptoms showed improvement with treatment, her progress notes still reflected signs of severe depression. [AR at 174, 177-78, 180-83.]

In June 2003, Dr. Alexanian completed a mental disorder questionnaire. [AR at 169-73.] With respect to Plaintiff's mental status, Dr. Alexanian noted that Plaintiff displayed severe psychomotor retardation, tearfulness, poor eye contact, sad facial expressions, poor concentration, poor tolerance to stress, irritability, and severe anxiety and insomnia. [AR at 170-71.] Dr. Alexanian found that Plaintiff could not use public transportation, tolerate people, or perform serial 7's, and needed help with remembering appointments and daily activities, such as shopping and going out. [AR at 171-72.] Dr. Alexanian concluded that Plaintiff's prognosis and response to medications were poor. [AR at 173.]

In March 2004, Dr. Alexanian completed a mental impairment questionnaire. [AR at 217-21.] Dr. Alexanian reported that Plaintiff was unable to function due to severe

---

[1] A GAF score of 51-60 indicates "[m]oderate symptoms ... or difficulty in social, occupational, or school functioning." American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., text rev. 2000) ("DSM-IV-TR"). A GAF score of 41-50 indicates "[s]erious symptoms ... or any serious impairment in social, occupational, or school functioning." *Id.*

1 concentration problems, depression and anxiety. [AR at 218.] Dr. Alexanian assessed
2 Plaintiff with "marked" restrictions in activities of daily living, "marked" difficulties in
3 maintaining social functioning, "constant" deficiencies of concentration, persistence or
4 pace, and "continual" episodes of deterioration or decompensation in work or work-like
5 settings. [AR at 220.]

6 The ALJ rejected Dr. Alexanian's opinion. [AR at 24.] Although Dr. Alexanian's
7 finding on the ultimate issue of disability is not necessarily conclusive, *Magallanes v.*
8 *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), the ALJ was still required to provide specific,
9 legitimate reasons for rejecting his opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th
10 Cir. 1996)(holding that an ALJ may reject the opinion of a treating physician if the ALJ
11 provides specific and legitimate reasons that are based on substantial evidence in the
12 record). The Commissioner asserts that the ALJ's reasons for rejecting Dr. Alexanian's
13 opinion were sufficiently specific and factually supported by the record. [JS at 12.] The
14 Court disagrees.

15 In the Decision, the ALJ criticized Dr. Alexanian's finding that Plaintiff needs to
16 be reminded of appointments because there was no evidence that Plaintiff had actually
17 missed an appointment. The ALJ also noted that while Dr. Alexanian reported in June
18 2003 that Plaintiff's husband did the shopping, Plaintiff reported in January 2003 that her
19 daughter-in-law did the shopping. [AR at 24.] The ALJ attempts to manufacture
20 inconsistencies in the evidence where none exists. [AR at 24, 100, 171.] Rather than
21 identify specific, legitimate reasons for rejecting Dr. Alexanian's opinion, the ALJ merely
22 mischaracterizes isolated sentences in the record to create apparent inconsistencies in the
23 evidence. *See, e.g., Nguyen v. Chater*, 100 F.3d 1462, 1465-66 (9th Cir. 1996)("Where
24 the purported existence of an inconsistency is squarely contradicted by the record, it may
25 not serve as the basis for the rejection of an examining physician's conclusions.")

26 Next, the ALJ found that there was no evidence of psychomotor retardation since
27 May 2002. [AR at 24.] This finding is belied by the record. [AR at 170.]

28 The ALJ further found that while Dr. Alexanian described Plaintiff as

"disheveled," none of the other doctors commented on Plaintiff's appearance. [AR at 24.] Dr. Alexanian, however, was the only physician of record who ever conducted a psychiatric evaluation of Plaintiff.

The ALJ also found that Dr. Alexanian "relied at least in part on old notes." [AR at 24.] This reason flies in the face of the treating physician rule. *See Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987)(treating doctor's opinion is entitled to special weight because he was employed to cure and has a greater opportunity to know and observe the claimant as an individual). It is clear that Dr. Alexanian examined Plaintiff on multiple occasions, diagnosed Plaintiff's impairments, prescribed medication, and made findings regarding Plaintiff's limitations. [AR at 174-85.] Dr. Alexanian's "old notes" provide invaluable information concerning Plaintiff's longitudinal history of depression. And, while the record does not contain progress notes from Dr. Alexanian dated after January 2003, Dr. Alexanian continued to treat Plaintiff. [AR at 173, 217.] Thus, if the ALJ questioned the timeliness of Dr. Alexanian's opinion, he should have requested additional records. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)(ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel).

Next, the ALJ notes that although Dr. Alexanian reported that Plaintiff stopped working due to poor concentration and irritability, Plaintiff reported that she stopped working because she injured her left knee. [AR at 24.] The ALJ asserts that this apparent conflict in the evidence demonstrates that Dr. Alexanian was attempting to "magnify" Plaintiff's mental impairment. [AR at 24.] Again, the ALJ misconstrues the record. Plaintiff reported that after losing her job, she was unable to get a new job due to knee problems and eventual surgery on one knee. [AR at 82.] Consistent with Dr. Alexanian's report, Plaintiff explained that these events led to her depression and lack of motivation for finding a new job. [AR at 82]; *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 n. 6 (9th Cir. 1989)(general assertion, without supporting evidence, that physician was "leaning over backwards" to help patient runs contrary to court's deferential rule for treating

Page 4

physicians); *Ratto v. Secretary of Health and Human Servs*., 839 F.Supp. 1415, 1426 (D. Or. 1993)(Commissioner may not assume that doctors routinely lie to help their patients collect disability benefits).

The ALJ also questioned why Dr. Alexanian did not change Plaintiff's medications from Celexa and Trazodone when Plaintiff failed to improve. [AR at 24.] Contrary to the ALJ's contention, Dr. Alexanian not only increased the dosages of both Celexa and Trazodone, he also began prescribing Wellbutrin for Plaintiff's depression. [AR at 179, 173, 218.]

The ALJ further noted that while Dr. Alexanian's progress notes reflected a mental impairment in the moderate range, he assessed Plaintiff with "marked" and severe limitations in the mental impairment questionnaire. [AR at 24, 174, 176-78, 180-85, 220.] Dr. Alexanian completed the mental impairment questionnaire in March 2004. [AR at 217-21.] As noted above, the record only contains Dr. Alexanian's progress notes from May 2002 through January 2003. [AR at 174, 176-78, 180-85.] Because the mental impairment questionnaire is more recent, it is highly probative. *See Osenbrock v. Apfel*, 240 F3d 1157, 1165 (2000)("A treating physician's most recent medical reports are highly probative). To the extent there appears to be inconsistencies in Dr. Alexanian's findings, the ALJ should have sought Dr. Alexanian's more recent progress notes. *See Smolen*, 80 F.3d at 1288; *see also Brown*, 713 F.2d at 443.

Finally, although the ALJ the relied on the residual functional capacity assessments made by the psychological expert and state agency physician, a non-examining doctor's opinion is not substantial evidence to warrant the rejection of an treating physician's opinion. *See Morgan v. Commissioner of the Social Security Administration,* 169 F.3d 595, 602 (9th Cir. 1999).

Plaintiff contends that this case should be remanded solely for an award of benefits because Dr. Alexanian's improperly rejected opinion should be credited as true. [JS at 11]; *see, e.g., Lester*, 81 F.3d at 834 (where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as

a matter of law"). The Ninth Circuit, however, has recognized that the "crediting as true" doctrine is not mandatory. *See, e.g., Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(remanding for reconsideration where, *inter alia*, ALJ "failed to provide adequate reasons for rejecting the opinion of the treating physicians" and "did not properly reject [the claimant's] subjective complaints"); *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding for reconsideration of claimant's pain testimony). Accordingly, the Court finds that remand is appropriate for the Commissioner to re-evaluate whether Plaintiff is disabled within the meaning of the Act, after giving proper consideration to Dr. Alexanian's opinion.[2/]

## II. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: June 30, 2006    /s/ Arthur Nakazato
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

---

[2/] Because the ALJ improperly rejected Dr. Alexanian's opinion, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell*, 336 F.3d at 1115-16 (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.